UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MARCUS POVENTUD,

               Plaintiff,

- against -                            07 Civ. 3998 (DAB)
                                        MEMORANDUM AND ORDER
CITY OF NEW YORK, DANIEL TOOHEY,
"FRANKIE" ROSADO, CHRISTOPHER DOLAN,
and KENNETH UMLAUFT, Individually and
as Members of the New York City
Police Department,

               Defendants.
------------------------------------X
DEBORAH A. BATTS, United States District Judge.

    Plaintiff filed this action on May 22, 2007, alleging Section 1983 claims arising from alleged deprivations of his Due Process and Fair Trial rights under the Fifth, Sixth, and Fourteenth Amendments. (Docket # 1.)

    Now before the Court is Defendants' Motion for Summary Judgment, Docket # 58. For reasons detailed herein, Defendants' Motion is GRANTED.

I. BACKGROUND

    Familiarity with the underlying facts is assumed and the facts are detailed here only briefly. Except where noted, the following facts are undisputed for present purposes.

    Plaintiff was indicted by a Grand Jury in 1997 on charges related to the armed robbery of a livery cab driver in the Bronx, during which robbery the livery cab driver was shot in the head

or in the neck. (Def. 56.1 ¶¶ 1, 3, 18; Pl. 56.1 ¶¶ 1,3 18.) After a trial by jury, Plaintiff was convicted of attempted murder in the second degree, attempted robbery in the first degree, assault in the first degree, and criminal possession of a weapon in the first degree and was sentenced to serve an indeterminate sentence of 10 to 20 years. (Def. 56.1 ¶ 42; Pl. 56.1 ¶ 42; People v. Poventud, 752 N.Y.S.2d 654 (N.Y. App. Div., 1st Dept. 2002.) Plaintiff's conviction was subsequently affirmed by the Appellate Division and leave to appeal further was denied by the Court of Appeals. (Def. 56.1 ¶ 45; Pl. 56.1 ¶ 45.)

Plaintiff's co-defendant was also convicted, but his conviction was vacated by the New York State Court of Appeals and a re-trial of the co-defendant was ordered. (Def. 56.1 ¶ 44; Pl. 56.1 ¶ 44.) After discovery was disclosed to the co-defendant in preparation for the re-trial, Plaintiff's attorney identified among that discovery evidence she believed should have been disclosed to Plaintiff under Brady and Rosario. (Def. 56.1 ¶¶ 49, 51, 52; Pl. 56.1 ¶¶ 94, 51, 52.) Thereafter, Plaintiff filed in the New York Supreme Court an N.Y. C.P.L. § 440.10 Motion to vacate his conviction on the grounds that the prosecution had withheld exculpatory evidence. (Def. 56.1 ¶ 52; Pl. 56.1 ¶ 52.) On October 6, 2005, Plaintiff's conviction was vacated and a

retrial granted. (Def. 56.1 ¶ 57; Pl. 56.1 ¶ 57; People v. Poventud, 802 N.Y.S.2d 605, 608 (N.Y. Sup. Ct., Bx. Cty., Oct 6, 2005).)

On January 30, 2006, rather than face retrial, Plaintiff pleaded guilty to an Information charging one count of Attempted Robbery in the Third Degree and the original Indictment against him was dismissed. (Def. 56.1 ¶¶ 58, 62; Pl. 56.1 ¶ 62.) The charge to which Plaintiff pled guilty arose from the robbery and shooting with which he was charged in the original Indictment.

Plaintiff filed the instant action, alleging civil rights violations arising from his 1997 trial and conviction, on May 22, 2007. (Docket # 1.) Having in the interim filed in the state court a C.P.L. § 440.10 Motion which sought to invalidate his guilty plea, Plaintiff filed a Motion to Stay this civil case on July 2, 2009. (Def 56.1 ¶¶ 72-74; Pl. 56.1 ¶ 73; Docket # 36.) A stay was granted on July 15, 2009. (Docket # 39.) However, Plaintiff withdrew without prejudice his C.P.L. § 440.10 Motion challenging his guilty plea before it was decided. (Def. 56.1 ¶ 75; Docket # 41.) Plaintiff's guilty plea has not been invalidated. (Def. 56.1 ¶ 76; Pl. 56.1 ¶ 76.)

Plaintiff filed an Amended Complaint on October 28, 2010. (Docket # 44.) Defendants filed an Answer to the Amended Complaint on January 14, 2011. (Docket # 48.) Plaintiff filed a

Second Amended Complaint on May 6, 2011 (Docket # 52.) Defendants filed the Motion for Summary Judgment now before the Court on June 14, 2011. (Docket # 58.)

II. DISCUSSION

A district court will grant summary judgment when there is "no genuine issue as to any material fact," and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see also Hermes Int'l v. Lederer de Paris Fifth Ave., Inc., 219 F.3d 104, 107 (2d Cir. 2000). Though genuine issues of material fact cannot be created by mere conclusory allegations, summary judgment is appropriate only when "after drawing all reasonable inferences in favor of a non-movant, no reasonable trier of fact could find in favor of that party." Heublein v. United States, 996 F.2d 1455, 1461 (2d Cir. 1993) (citing Matsushita Elec. Industr. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986)).

In assessing whether summary judgment should be granted, "there must be more than a 'scintilla of evidence' in the non-movant's favor; there must be evidence upon which a fact-finder could reasonably find for the non-movant." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)). While a court must always "resolv[e] ambiguities and

draw [ ] reasonable inferences against the moving party," Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986) (citing Anderson, 477 U.S. at 252), the non-movant may not rely upon "mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." Id. at 12. Instead, when the moving party has documented particular facts in the record, "the opposing party must 'set forth specific facts showing that there is a genuine issue for trial.'" Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986) (citation omitted). Establishing such facts requires going beyond the allegations of the pleadings, as the moment has arrived "'to put up or shut up.'" Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (citation omitted).

A plaintiff may recover under § 1983 against any individual acting under color of state law who has caused him or her to be deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (2009). Section 1983 "creates no substantive rights," but provides "a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993), cert. denied, 512 U.S. 1240 (1994).

Defendants contend principally that Plaintiff's claims are

barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), which upheld the dismissal of a § 1983 claim because success on that claim necessarily would call into question the validity of the claimant's conviction or sentence.

The Heck Court stated that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id. at 487. A court faced with such a suit must dismiss the complaint "unless the plaintiff can demonstrate that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87 (footnote and citation omitted).

Here, Plaintiff's Complaint is rooted in due process violations arising from the prosecution's failure to reveal evidence which Plaintiff alleges would have supported his alibi defense during his initial criminal prosecution. The Second Circuit has held that such a claim "does indeed call into question the validity of [Plaintiff's] conviction." Amaker v. Weiner, 179 F.3d 48, 51 (2d Cir. 1999). Accordingly, Plaintiff

must show that the challenged conviction has been reversed, expunged, invalidated, or called into question. Unfortunately for Plaintiff, he cannot demonstrate the invalidity of either his initial conviction or his subsequent guilty plea and reconviction. "Although plaintiff's [original] conviction was eventually vacated, he subsequently pled guilty to [attempted robbery] in order to avoid being retried. Since a guilty plea is the equivalent of a conviction, his claims under § 1983 must fail." McNeill v People of New York, 2006 WL 3050867 at *3 (E.D.N.Y. Oct. 24, 2006), aff'd 242 F.App'x 777 (2d Cir. 2007) (citations and internal quotation marks omitted) (dismissing § 1983 as Heck-barred, where plaintiff pleaded guilty to lesser charge after original conviction was vacated).

Plaintiff seeks to avoid the conclusion that his suit calls the validity of his second conviction into question by arguing that his initial conviction was invalidated and that he does not challenge his subsequent conviction by guilty plea. Plaintiff's argument is unavailing. Plaintiff's guilty plea, which resulted in his second conviction and sentence, was to conduct which necessarily required his presence at the scene of the crime. To succeed on a § 1983 claim based on an alleged failure to reveal evidence supporting his claim to have been elsewhere when the crime to which he pleaded guilty occurred would thus call into

7

question the validity of his conviction by guilty plea; indeed, success would logically imply the invalidity of his conviction.

Nor can Plaintiff escape the Heck bar by attempting to recover solely for the time he served in excess of the sentence he received following his second conviction. Although Plaintiff's initial conviction was vacated and a retrial granted, People v. Poventud, 802 N.Y.S.2d 605, 608 (N.Y. Sup. Ct., Bx. Cnty. 2005), Plaintiff was not exonerated of the charges on which he was originally indicted and convicted. Instead, those charges were dismissed, prior to retrial, because Plaintiff agreed to plead guilty to a related charge stemming from the same events. Plaintiff therefore cannot show that his initial conviction has been reversed, expunged, invalidated, or called into question within the meaning of the Heck rule, and his subsequent guilty plea and reconviction is fatal to his § 1983 claim. Stein v. County of Westchester, NY, 410 F.Supp.2d 175, 179 (S.D.N.Y. 2006). "[W]here a prosecution ends because of a compromise with the accused," a favorable termination does not exist. Dallas v. Goldberg, No. 95 Civ. 9076, 2002 WL 1013291, at *7 (S.D.N.Y. May 20,2002) (citing Smith-Hunter v. Harvey, 95 N.Y.2d 191,196-97 (N.Y. 2002) ("Indeed, it is hornbook law that 'where charges are withdrawn or the prosecution is terminated ... by reason of a compromise into which [the accused] has entered voluntarily,

8

there is no sufficient termination in favor of the accused.' " (citing Prosser & Keeton, Torts § 119, at 875 (5th ed.)))).

Relying largely on this Court's decision in <u>Farrell v. Burke</u>, No. 97 Civ. 5708 (DAB), 2004 WL 2813175 (S.D.N.Y. Dec. 8 2004), Plaintiff next argues that <u>Heck</u> does not bar a § 1983 suit because he is at liberty and thus may not challenge his conviction by petitioning for a writ of habeas corpus. This argument is similarly unavailing. In <u>Farrell</u>, the plaintiff brought suit to challenge the constitutionality of a special condition of parole supervision. <u>Farrell v. Burke</u>, No. 97 Civ. 5708 (DAB), 2004 WL 2813175 (S.D.N.Y. Dec. 8 2004). The <u>Ferrell</u> plaintiff challenged the revocation of his parole but did not challenge the validity of his underlying conviction. <u>Id.</u> at *2. Nor, having been released from custody, could the <u>Farrell</u> plaintiff challenge his parole conditions through habeas relief. See <u>id.</u> Here, by contrast, Plaintiff's cause of action necessarily challenges the validity of his underlying conviction. Moreover, while it is true that Plaintiff cannot bring a habeas challenge to his post-plea conviction, Plaintiff brought and then withdrew an N.Y. C.P.L. § 440.10 challenge to his plea during the pendency of this action. Plaintiff's decision not to pursue in the state court an available remedy by which he could invalidate his second conviction does not relieve him of his obligation to

demonstrate its invalidity if he is to avoid the bar established in Heck.[1]

Because Plaintiff's cause of action is barred by the rule of Heck v. Humphrey, the Court need not and does not reach Defendants' additional arguments for dismissal.

III. CONCLUSION

For the reasons stated, Defendants' Motion for Summary Judgment is GRANTED in its entirety and Plaintiff's Complaint is DISMISSED with prejudice and on the merits.

The Clerk is directed to close the docket in this matter.

SO ORDERED

DATED:   New York, New York

         March 4, 2012

*Deborah A. Batts*

DEBORAH A. BATTS
United States District Judge

---

[1] Plaintiff argues that the withdrawal of his § 440.10 petition was not "voluntary" because the withdrawal was motivated in part by a fear of incarceration and in part by medical problems. It is beyond question, however, that Plaintiff voluntarily withdrew his petition, without prejudice, whatever his motivation.